UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA JOHANAN, | ) | CASE NO. 1: 24 cv 277 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| LAKEISHA BROADEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

### Introduction

Plaintiff Jessica Johanan, proceeding without counsel, has filed a civil complaint in this case against Lakeisha Broaden (Defendant), a private individual. (Doc. No. 1.) In her pleading, Plaintiff details how she contends Defendant is stalking, cyberbullying, and harassing her through the internet and on social media. She asserts she wants the harassment and stalking to stop, and she states that her case is "an official Federal Notice that [she] does not want to be bothered at all by [Defendant] for any reason," and that "[i]t is equally unacceptable for [Defendant] to use another person to contact [Plaintiff] on her behalf for any reason." (*Id.* at 2.) She also appears to seek damages. As the basis for her complaint, Plaintiff cites the federal criminal stalking statute, 18 U.S.C. § 2261A. (*Id.*). Her complaint also references other federal criminal laws and provisions of the Ohio Revised Code. (*See id.* at 4.)

### Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567,

577 (6th Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. Dec. 4, 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's complaint must be dismissed. It does not state a plausible federal claim upon which this Court may grant her relief.

Only the United States Attorney can initiate criminal charges in federal court. *See* Fed. R. Crim. P. 7(c). Absent a private right of action, a plaintiff cannot recover civilly for violation of a federal criminal statute. *See, e.g., Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent causes of action."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (a plaintiff "has no private right of action" under 18 U.S.C. §§ 241 and 242).

The federal criminal statute regarding stalking pursuant to which Plaintiff seeks relief in this case, 18 U.S.C. § 2261A, does not contain a private right of action. *See Rock v. BAE Sys.*, 556 F. App'x 869, 870–71 (11th Cir. 2014) (holding that 18 U.S.C. §§ 2261 and 2261A do not

provide a private right of action); *Murray v. Williams*, No. 3:15-cv-284, 2016 WL 1122050, at *10 (E.D. Tenn. Mar. 22, 2016) (concluding there is no private cause of action under 18 U.S.C. § 2261A). And her complaint does not allege any other plausible federal claim.

Further, to the extent Plaintiff may be asserting claims under Ohio law that may provide a civil remedy for the internet stalking, harassment, and cyberbullying she alleges, this Court declines to exercise supplemental jurisdiction over such claims.[1] And there is no independent basis for asserting jurisdiction over such claims, as Plaintiff indicates that she and Defendant are both citizens of the same state (Ohio). Under 28 U.S.C. § 1332, federal courts have diversity jurisdiction only over cases "where the matter in controversy exceeds the sum of $75,000 . . . and is between . . . citizens of different states."

## Conclusion

Because there is no viable federal claim in the case, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but her complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Date: August 22, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[1] A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See also Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.")

[2] Any state-law claims Plaintiff alleges are dismissed without prejudice.